IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiffs,<br><br>vs.<br><br>LOUIS ORTEGA and LEE BENSON,<br><br>    Defendants. | **8:16CR77**<br><br>**ORDER** |

  Defendant Lee Benson has moved to continue the trial currently set for September 12, 2016. (Filing No. 59). As explained in the motion, the defendant will not be available during the current trial setting. The motion to continue is unopposed. Based on the showing set forth in the motion, the court finds the motion should be granted. Accordingly,

  IT IS ORDERED:

1)  Defendant Benson's motion to continue, (filing no. 59), is granted.

2)  **As to both defendants**, the trial of this case is set to commence before the Honorable John M. Gerrard, United States District Judge, in the Special Proceedings Courtroom of the United States Courthouse, Omaha, Nebraska, at 9:00 a.m. on November 7, 2016, or as soon thereafter as the case may be called, for a duration of five (5) trial days. Jury selection will be held at commencement of trial.

3)  Based upon the showing set forth in the defendant's motion and the representations of counsel, the Court further finds that the ends of justice will be served by continuing the trial; and that the purposes served by continuing the trial date in this case outweigh the interest of the defendant and the public in a speedy trial. Accordingly,

  a.  **As to both defendants**, the additional time arising as a result of the granting of the motion, the time between today's date and November 7, 2016, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although counsel have been duly diligent, additional time is needed to adequately

   prepare this case for trial and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(1), (h)(6) & (h)(7).

b.  Failing to timely file an objection to this order as provided in the local rules of this court will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

September 1, 2016.

        BY THE COURT:

        <u>s/ Cheryl R. Zwart</u>
        United States Magistrate Judge