IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:16-CR-77 |
| vs. | |
| LOUIS ORTEGA, | ORDER |
| Defendant. | |

This matter is before the Court on the Defendant's Objections to Presentence Investigation Report (filing 135).

The initial sentencing schedule in this case set a deadline of July 10, 2017 for objections by counsel to the initial presentence report—that is, objections presented to the probation office for the probation office to consider in preparing and submitting the revised presentence report. Filing 124 at 1. The revised presentence report was to be provided to the Court and counsel by July 20. Filing 124 at 1. The sentencing schedule then set a deadline of July 27 for "filing and serving on all other parties and the probation officer a written statement of position respecting each of the unresolved objections to the presentence report, including the specific nature of each objection to the presentence report." Filing 124 at 2.

The probation office provided the Court and counsel with the revised presentence report on July 19. The defendant had not provided the probation office with any objections to the initial presentence report. On the same day, the defendant moved for a 30-day extension of the deadline for objecting to the presentence report or filing motions for departure or variance. Filing 128. The Court granted that motion in a text order, extending the deadline for

objections and motions to August 28. Filing 129. On August 16, the government objected to the presentence report. Filing 131. But by August 31, the defendant had not objected, so the Court entered its tentative sentencing findings. Filing 132.

Sentencing was set for October 19, but on October 18, the Court continued the sentencing hearing on the defendant's oral motion. Filing 129; filing 133. The defendant's objections to the presentence report were filed on October 23. Filing 135. At no point did the defendant ask for leave to file objections out of time.

So at this juncture, the defendant's objections have been waived twice—once when the defendant did not present them to the probation office, and again when the defendant did not timely assert them to the Court. And the Court is only obliged to resolve a factual dispute with respect to the presentence report on the basis of the evidence when the defendant makes a specific and timely objection. *United States v. May*, 413 F.3d 841, 848-49 (8th Cir. 2005); *see* Fed. R. Crim. P. 32(f). The Court will instead take up all the relevant issues, under the Court's independent Guidelines calculations and 18 U.S.C. § 3553(a), at sentencing.

IT IS ORDERED that the Defendant's Objections to Presentence Investigation Report (filing 135) are overruled.

Dated this 24th day of October, 2017.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge