IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:16-CR-77 |
| vs. | REVISED TENTATIVE FINDINGS |
| LOUIS ORTEGA, | |
| Defendant. | |

The Court has received the revised presentence investigation report and addendum in this case. There are no motions for departure or variance. The government (filing 131) and the defendant (filing 138) have objected to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

(b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The government has objected (filing 131) to the drug quantity calculation in the presentence report, arguing that the defendant should be held accountable for between 20 and 30 grams of methamphetamine mixture, instead of between 20 and 35 grams of methamphetamine (actual). *See* U.S.S.G. § 2D1.1(c)(7) and (11). The government notes that the defendant's co-defendant in this case was likewise held accountable for between 20 and 30 grams of methamphetamine mixture. *See* filing 114. The Court will resolve this objection at sentencing.

3. The defendant has also objected to the presentence report. Filing 138. First, the defendant objects to the drug quantity calculation, asserting that while he was present at a drug transaction, he did not participate and is not responsible for the drugs that were sold. Filing 138 at 1. The Court will resolve this objection on the evidence presented at sentencing, noting that when the defendant objects, it is the government's burden to prove drug quantity by a preponderance of the evidence. *See United States v. Young*, 689 F.3d 941, 945 (8th Cir. 2012); *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004).

Next, the defendant objects to the presentence report's omission of a reduction for acceptance of responsibility. Filing 138 at 1-2. The Court notes that a defendant who enters a guilty plea is not entitled to credit for acceptance of responsibility as a matter of right, and the burden is on a defendant to show that he clearly demonstrated acceptance of responsibility. *United States v. Torres-Rivas*, 825 F.3d 483, 486 (8th Cir. 2016), *cert. denied sub nom. Torres-Rivas v. United States*, 137 S. Ct. 695 (2017); *see United States v. Binkholder*, 832 F.3d 923, 927 (8th Cir. 2016). The Court will resolve this issue on the evidence at sentencing.

The defendant also argues that he was a minor participant in the offense, and should receive a 3-level downward adjustment. Filing 138 at 2. It is the defendant's burden to prove that he is entitled to a mitigating role adjustment. *United States v. Salazar-Aleman*, 741 F.3d 878, 880 (8th Cir. 2013). The Court will also resolve this issue on the evidence at sentencing.

Finally, the defendant contends that while his criminal history is accurately reported, it "grossly over-represents his true character and criminal past." Filing 138 at 2. The defendant has not moved for a variance on those grounds. But the Court will consider the defendant's argument in the context of determining the appropriate sentence pursuant to the § 3553(a) factors.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 7th day of November, 2017.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
United States District Judge